# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY BROWN, | ) | |
| | ) | No: |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | Magistrate Judge |
| OFFICER M. OTTEN, Star 2773; J. HODGES, Star15929; R. ALLEN, Star 15090; R. BELL, Star 18302; JOHN DOE, JOHN ROE, JOHN POE, AND THE CITY OF CHICAGO, A MUNICIPAL CORPORATION, | ) ) ) ) ) ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Plaintiff Gregory Brown is an African-American male, a citizen of the United States, and a resident of Cook County.

3. Defendant OFFICERS OTTEN, HODGES, ALLEN, BELL, DOE, ROE AND POE are police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Otten, Hodges, Allen, Bell, Doe, Roe and Poe are being sued individually.

4. The City of Chicago is a municipal corporation within the State of Illinois,

and was all times material to this Complaint, the employer of defendant police officers Otten, Hodges, Allen, Bell, Doe, Roe and Poe.

## FACTS

5.     On February 12, 2007, at approximately 1:30 p.m., Plaintiff Gregory Brown walked to a restaurant on 75th and Exchange in Chicago, IL to buy food when he was detained by five offiers in an unmarked care. The officers proceeded to harass Mr. Brown by throwing his food on the ground and battering Mr. Brown before driving off.

6.     After the officers drove off, Mr. Brown noticed an officer in a marked squad car who apparently witnessed the attack. Mr. Brown went up to the officer, Officer Allen, who was sitting in the car and asked that he call a supervisor and report the abuse he just witnessed.

7.     Instead of calling a supervisor, Officer Allen purposely protected the other officers and called for back up instead. Officer Bell soon arrived on the scene. Officer Allen and Bell then beat Mr. Brown up and falsely placed Mr. Brown under arrest for two felony offenses.

8.     Mr. Brown went to trial and was found not guilty on August 21, 2008.

## COUNT I

### (42 U.S.C. Section 1983-Excessive Force Claim)

(1-8).   Plaintiff Gregory Brown alleges and realleges paragraphs 1 through 8 as fully set forth above.

9.     As a result of the unreasonable and unjustifiable attacks on Gregory

2

Brown, Brown suffered both physical and emotional injuries.

10. This unreasonable and unjustifiable beating of the Plaintiff Gregory Brown by several Defendant Officers, while other Defendant Officers watched was a direct and proximate cause of his pain, suffering and metal anguish. The acts by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. 1983.

**WHEREFORE**, Plaintiff Gregory Brown demands compensatory damages against all Defendant Officers, and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

**(42 U.S.C. Section 1983-False Arrest)**

(1-8). Plaintiff Gregory Brown alleges and realleges paragraphs 1 through 8 as fully set forth herein.

9. The above acts of the Defendant Officers Allen and Bell were willfully and wantonly done without probable cause and were a direct and proximate cause of Mr. Brown's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff Gregory Brown seeks actual or compensatory

3

damages against Defendant Officers Allen and Bell individually and because they acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against Defendant Officers Bell and Allen individually.

## COUNT III

### (42 U.S.C. Section 1983-Conspiracy)

(1-8). Plaintiff Gregory Brown alleges and realleges paragraphs 1 through 8 as fully set forth herein.

9. All Defendant Officers reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

10. Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

11. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and metal anguish.

12. Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to, an unjustifiable beating and false arrest as fully alleged in paragraphs 1-8. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

4

**WHEREFORE** Plaintiff demands compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and /or wantonly, Plaintiff demands punitive damages against each Defendant Officer individually.

## COUNT IV

### (Malicious Prosecution Under Illinois Law)

(1-8). Plaintiff Gregory Brown alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9. The above prosecution was initiated by defendants Allen and Bell to cover up the unjustifiable beating of the Plaintiff.

10. Defendants Bell and Allen signed complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution.

11. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

12. The unjustifiable prosecution of the Plaintiff Gregory Brown was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Gregory Brown seeks actual or compensatory damages against Defendant Officers Allen and Bell individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against defendant officers Bell and Allen.

## COUNT V

**(Respondent Superior Under Illinois Law Against the City of Chicago)**

(1-8). Plaintiff Gregory Brown alleges and realleges paragraphs 1 through 8 as though fully set forth herein.

9. The aforesaid acts of Defendant Officers Allen and Bell in beating and maliciously prosecuting Gregory Brown was done within the scope of their employment as Chicago police officers, was willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE,** Plaintiff Gregory Brown demands judgment against defendant City of Chicago, plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

    Respectfully Submitted,

    The Law Office of Standish E. Willis

    By: __s/Angela Lockett___
        Angela Lockett
        Attorney for Plaintiff

The Law Office of Standish E. Willis, LTD.
407 South Dearborn Street-Suite #1395
Chicago, Illinois 60605
(312) 554-0005